## F. PRIESMUTH *v.* THE STATE.

1. THEFT—EVIDENCE.—On a trial for theft of cattle the state offered in evidence the recorded brand of the alleged owner; to which the accused objected, because the indictment charged the offense to have been committed the day previous to the record of the brand. *Held,* that, in connection with other proof of ownership, the brand was admissible; but, without other proof, was not sufficient evidence of the ownership to support the conviction.

2. CHARGE OF THE COURT.—However correct in the abstract a requested charge may be, it was not error to refuse it when there was no evidence to which it was applicable.

3. SAME.—In criminal cases, when the presiding judge has charged to the jury the law applicable to the case as made by the evidence, he has done everything required of him in this respect, except that, in felony cases, he should properly instruct the jury on the subject of reasonable doubt and the presumption of innocence.

4. CATTLE BRANDS.—The act of March 23, 1874, "to encourage stock raising," requires the owner, in recording his brand, to designate the part of the animal on which the brand is placed.

5. SAME.—The record of a brand designated the hip as the locality of the brand, while the evidence on the trial showed the brand to be on the ribs. Such a discrepancy, when the recorded brand was the only, or principal,

evidence of the ownership, was material, and the conviction must be set aside.

APPEAL from the District Court of Victoria.    Tried below before the Hon. H. CLAY PLEASANTS.

*Lackey & Stayton*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.    The indictment in this case charges the appellant with theft of a cow and calf, alleged to belong to one Henry B. Scheiner.    The offense is charged to have been committed on the 15th day of June, 1874.

On the trial in the court below the attorney representing the state offered in evidence the record of the brand of Henry B. Scheiner.    The introduction of this record as evidence was objected to by the attorney for the defendant on the ground, as appears from the defendant's bill of exceptions, that the indictment charges the offense to have been committed on the 15th of June, 1874, and the brand was shown to have been recorded on the 16th of June, 1874.    The objection was overruled, and the defendant's attorney saved the point by bill of exceptions.    This ruling of the court, overruling the defendant's objection to the introduction of this record, is made a ground in the defendant's motion for a new trial, and is assigned as error.

The position assumed on behalf of the accused is that the brand, having been recorded on a particular day, was not evidence of ownership, on the trial of a person charged with theft of animals bearing the brand described in the record, when the indictment charges the theft to have been committed at a time anterior to the date of the record of the brand.    We are of the opinion that, taken as an isolated proposition, the position contended for is correct; that, in

31

order to convict on a charge of theft, the proof should show that the person whose property is alleged to have been stolen was the owner of the property at the time of the commission of the theft, as shown by the evidence. Yet, as one of the means or circumstances by which ownership might be proved, it was proper evidence to be given on the trial, in connection with other evidence in the case, and was entitled to be considered as such by the jury in determining the question of ownership; and, in this view of the subject, we are of the opinion the court did not err in admitting the record in evidence.

If, however, there should be no other evidence of ownership than that offered by the record of the brand, or the brand and mark, of the alleged owner, we do not hold that the record of the brand would, standing alone, be sufficient to support a conviction for a taking proved to have been done before the record of the brand, any more than the production of a bill of sale would be evidence of ownership prior to the date of the bill of sale. If, for example, the evidence should show that, prior to the date of the record of the particular brand, the person claiming the brand was in possession of property of the description mentioned, and bearing upon it the impress of the brand in question, and exercised over it acts consistent with ownership, and such person should afterwards place the brand upon record as his, these acts would be consistent with, and would support, each other, and tend to the same end—that he was at the time the owner of the property so claimed, and having upon it the brand so recorded. And if the property was so possessed, claimed, and controlled prior to the alleged date of the theft, the record of the brand at a subsequent date would be an act proper in the owner, and proof of such record would properly go to the jury in connection with the other evidence on the subject.

The judgment will not be reversed on this ground.

On the trial below the defendant's attorney requested the court to give the jury certain instructions, which the court refused to do.   In this we see no such error as would justify a reversal of the judgment.   When these charges are considered with reference to what appears to have been the line of defense—to wit, that the animals stolen did not belong to the person mentioned in the indictment as the owner—and with the charge as given to the jury, we are of the opinion the charge given was as favorable to the defendant as was warranted by the evidence.   And whilst it is true that, "if a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal, he is guilty of no offense" (Pasc. Dig., Art. 1649), yet to so charge, unless warranted by the evidence, would not be proper.   In this case we see no evidence requiring of the judge a charge on the subject of mistake.

The rulings of the supreme court of the state prior to the organization of this court, and of this court since its organization, have uniformly been in conformity to the plain requirements of the statute law on the subject, as embodied in the Code of Criminal Procedure, which is that, in all cases of felony, the judge must deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case.   Pasc. Dig., Art. 3059.   The charge must be determined by the evidence.   What is meant as "the law applicable to the case" is the case as made by the proofs.   *Hudson* v. *The State*, 40 Texas, 15 ; *Holden* v. *The State, ante* p. 225, decided by this court at the Tyler term, 1876, and authorities there cited.   When the judge who presides at the trial of a criminal case shall have instructed the jury as to the law of the case which is applicable to the evidence before them, he will have done all the law requires at his hands on that subject, except that, in felony cases, proper instruction should be given the jury as to their duty under

the law in case they should entertain a reasonable doubt as to the guilt of the accused, and as to the legal presumption of innocence. *Murray* v. *The State*, Tyler term, 1876, *ante* p. 417 ; *Black* v. *The State, ante* p. 368. The judgment must be reversed on the 1st ground set out in the motion for new trial, namely : " The verdict is unsupported by the evidence adduced." The ground here set out is believed to be substantially the same as that laid down in the 9th clause of the Article of the Digest on the subject, as one of the grounds upon which a new trial will be granted, which is in these words : " When the verdict is contrary to the law and evidence." Pasc. Dig., Art. 3137.

There is no evidence shown in the record before us that the property alleged to have been stolen was the property of the person alleged in the indictment to be the owner, except that furnished by the record of the brand of Henry B. Scheiner, above alluded to ; and this is not sufficient for that purpose—not so much because it was not recorded before the date of the theft, alone, but for other reasons. The 20th and 42d sections of the act of the legislature, approved March 23, 1874 (Pamphlet Acts, 33), require that, in recording brands, the person having the same recorded shall designate the part of the animal upon which the brand is placed.

The record of the brand of Henry B. Scheiner, as given in the statement of facts, says " the brand was to be put upon the hip," while the evidence shows that the brand on the animals alleged to have been stolen was placed on the ribs. These discrepancies are too great and too material to warrant a conviction of a felony when the proof of ownership depended alone, or mainly, upon the evidence furnished by the recorded brand. The law seems to make the particular portion of the animal upon which the brand is placed equally as important as the letters or characters used in the

brand itself.   On this account it is the opinion of the court that the court below erred in overruling the defendant's motion for a new trial.

There was evidence that another person owned a similar brand to that of Scheiner, but there was no evidence that the accused had anything to do with these cattle.  The instrument purporting to be a bill of sale, offered on the part of the state, without proof of execution or other authentication, proved nothing in favor of the defendant.

The judgment of the district court of Victoria county in this case is reversed and the cause remanded.

*Reversed and remanded.*